UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:

DENISE FURIA,

      Plaintiff,

vs.

MAGICAL CRUISE COMPANY, LIMITED
d/b/a Disney Cruise Line,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND JURY TRIAL

      Plaintiff, DENISE FURIA, sues Defendant, MAGICAL CRUISE COMPANY, LIMITED d/b/a Disney Cruise Line ("Disney"), and states:

## Parties, Jurisdiction, and Venue

      1.     Plaintiff was and is a citizen of New York.

      2.     Defendant was and is a foreign corporation existing and operating under the laws of England, with its headquarters and principal place of business in the state of Florida.

      3.     The parties are completely diverse. More than $75,000, exclusive of costs, fees, and interest, is in controversy. Accordingly, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

      4.     This Court has personal jurisdiction over Defendant because, at all times material hereto, Defendant personally or through an agent:

      a.     Operated, conducted, engaged in or carried on a business venture in this State and/or county or had an office or agency in this State and/or county;

      b.     Was engaged in substantial activity within this State;

c.  Operated vessels in the waters of this State;

d.  Committed one or more of the acts stated in Florida statute §§ 48.081, 48.181 and/or 48.193;

e.  Defendant's acts as set forth in this Complaint occurred in whole or in part in this county and/or State; and/or

f.  Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard its vessels.

5.  Venue is proper in the Middle District of Florida, Orlando Division, pursuant to the forum-selection clause in the contract of passage provided by Defendant to Plaintiff. Also, venue lies in the Middle District of Florida pursuant to 28 U.S.C. § 1391 because Defendant engages in substantial and not isolated business in the district, maintains its principal place of business in the district, and committed one or more of the acts or omissions giving rise to this action in the district.

6.  Plaintiff has satisfied all conditions precedent, including the notice-of-claim requirement contained in his contract of passage for the subject cruise, for filing this action.

## General Allegations

7.  Defendant is a common carrier engaged in the business of marketing, selling, and operating a cruise line out of various ports within the continental United States and the world. Defendant derives substantial revenues from cruises originating and terminating in various ports throughout the United States.

8.  At all times material, Defendant was the owner, operator, owner pro hac vice, charterer, manager, maintainer and controlled the Disney *Fantasy*.

*Furia v. DCL*
*Complaint for Damages and Jury Trial*

9.      On or about October 27, 2019, Defendant owned, operated, managed, maintained, supervised, chartered, or controlled the *Fantasy*.

10.      Defendant designed, constructed, or approved of the final design or construction of the entire vessel.

11.      Prior to Plaintiff's incident, Defendant was aware or should have been aware of the frequent and persistent hazard created by the presence of water, wetness, condensation, and the unreasonably slippery nature of the flooring and walkway on Deck 12 adjacent to the Aqua Lab.  Defendant was aware that water from the aqua lab caused the flooring of the surrounding deck areas and stairs to become slippery and wet. Defendant was aware that the flooring became unreasonably slippery and dangerous, and was far more slippery and dangerous than would be expected.

12.      The coloration of the flooring material made it very difficult to observe whether or not the floor was wet or dry, easily concealing puddles and wet spots that had been allowed to persist on the deck floor.   Plaintiff was not aware of nor should she have anticipated the unreasonably slippery and wet surface prior to encountering it. The danger was not open and obvious.

13.      On or about October 27, 2019, Plaintiff was a fare-paying passenger onboard the *Fantasy*.

14.      On or about October 27, 2019, Plaintiff was walking in a normal and proper manner across deck 12 when she slipped and fell on the wet, slippery, defectively dangerous flooring on the port side of the vessel, while walking toward the stern, adjacent to the Aqua Lab, as a result of the negligence of Defendant, its vessel or crew.  Plaintiff sustained personal injuries as a result of the fall.

*Furia v. DCL*
*Complaint for Damages and Jury Trial*

15.     Prior to this incident, Defendant's crewmembers permitted, saw, should have seen, and had actual or constructive notice of, the wet floor and corresponding unreasonably slipperiness of flooring that caused Plaintiff to slip and fall, yet failed to remove it from the floor or make the subject flooring dry and safe to traverse.

### **Count I - Negligence**

16.     Plaintiff incorporates by reference the foregoing paragraphs as though fully set forth herein.

17.     At all times material, Defendant, through its employees, servants, agents, or representatives acting within the course and scope of their employment, owed a duty to its passengers, including Plaintiff, to exercise reasonable care under the circumstances, which included a duty to maintain and operate the *Fantasy* in a reasonable and safe manner, free from hazardous and dangerous conditions, and to warn of dangerous conditions that it knew about or should have known about through actual or constructive notice when harm to passengers is reasonably foreseeable.

18.     Defendant breached its duties by:

a.     Failing to properly maintain and keep the flooring of the subject area on deck 12 in a reasonably safe condition for its passengers;

b.     Failing to properly and with sufficient regularity inspect and monitor the flooring of deck 12 for wetness or slipperiness;

c.     Failing to properly and timely clean up, mop, or otherwise eliminate the wet, slippery, or otherwise hazardous condition on deck 12;

d.     Creating a dangerous condition on the subject floor where the incident occurred;

e.     Failing to use or upkeep a slip resistant surface for the subject floor;

f.     Failing to take reasonable care to keep the deck floor from becoming slippery and hazardous;

g.    Failing to adequately warn Plaintiff of the wet, slippery, and hazardous condition of the floor when it knew or should have known of the existing hazard;

h.    Failing to discover in a timely manner the wet, slippery, and hazardous floor;

i.    Failing to take action to eliminate the hazardous substance from the floor after learning of its existence;

j.    Failing to utilize reasonable and proper safety policies, procedures, protocols, and practices to detect dangerous conditions on the deck floor;

k.    Failing to properly train and instruct its employees to detect, report, and remedy wet, slippery, and other hazardous substances on the deck floor and pool deck area;

l.    Failing to otherwise provide Plaintiff with a safe place to walk;

m.    Failing to comply with industry standards and Defendant's standards for the appropriate slip resistance or coefficient of friction for the public flooring aboard vessels;

n.    Failing to warn Plaintiff that the flooring became unreasonably slippery when wet;

o.    Abandoning a wet and slippery deck floor that crewmembers knew or should have known was dangerous;

p.    Failing to select reasonably safe materials for its flooring on the deck;

q.    Failing to properly monitor the deck and allowing an overflow of water and splashing in the adjacent areas;

r.    Failing to conduct reasonable inspections of the subject area;

s.    Failing to adequately train and supervise crewmembers responsible for maintaining the subject area in a reasonably safe and dry condition;

t.    Failing to post sufficient staff in the vicinity to maintain the subject floor;

u.   Failing to post caution or watch your step signs in the subject area;

v.   Failing to analyze prior slip and fall accidents aboard Defendant's vessels occurring in the same or substantially similar areas of the vessel and under similar circumstances so as to prevent the recurrence of incidents of the type suffered by Plaintiff;

w.   Failing to correct hazardous conditions that lead to other similar slip and fall accidents in similar areas under similar circumstances;

x.   Failing to ascertain the cause of prior similar accidents happening on any of Defendant's vessels, fleet wide, so as to take adequate measures to prevent their reoccurrence, and more particularly, Plaintiff's incident.

19.   At all times material hereto, Defendant knew of the foregoing conditions causing Plaintiff's incident and did not correct them. Defendant's knowledge of the foregoing conditions was specifically acquired through (a) its cleaning and/or inspection of the subject area prior to this incident, and/or (b) prior incidents causing personal injury to Defendant's passengers in the same or substantially similar area. Alternatively, the foregoing conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

20.   The above conditions were neither open nor obvious to Plaintiff and, accordingly, Defendant owed Plaintiff the duty to warn of them or to correct them.

21.   As a direct and proximate result of the aforementioned carelessness and negligence of Defendant, Plaintiff sustained serious and permanent injuries, pain and suffering, disability, disfigurement, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, loss of capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, and has

*Furia v. DCL*
*Complaint for Damages and Jury Trial*

incurred medical expenses in the past and will incur medical expenses in the future. All of these damages are permanent and continuing in nature.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law against Defendant.

## Demand for Jury Trial

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 8th day of April, 2020.

Respectfully submitted,

By: */s/ Thomas Graham*
Ira H. Leesfield (FBN 140270)
Thomas Scolaro (FBN 178276)
Thomas D. Graham (FBN 89043)
LEESFIELD SCOLARO, P.A.
2350 South Dixie Highway
Miami, Florida 33133
Telephone: 305-854-4900
Facsimile:  305-854-8266
leesfield@leesfield.com
scolaro@leesfield.com
graham@leesfield.com
leon@leesfield.com
**ATTORNEYS FOR PLAINTIFF**